UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVRO CORP,<br>　　　　Plaintiff,<br>　v.<br>BOSTON SCIENTIFIC CORPORATION, et al.,<br>　　　　Defendants. | Case No. 16-cv-06830-VC (MEJ)<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 89 |

On May 4, 2017, Plaintiff Nevro Corp. ("Nevro") filed an administrative motion to file under seal portions of its and Defendants Boston Scientific Corporation and Boston Scientific Neuromodulation Corporation's (together, "BSC") Joint Letter Brief and Proposed Order Granting Nevro's Motion ("Proposed Order"). Mot., Dkt. No. 89; Joint Letter, Dkt. No. 91. Having considered the parties' arguments, the record in this case, and the relevant legal authority, the Court **GRANTS** the Motion.

## LEGAL STANDARD

There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this presumption, a "party must articulate compelling reasons supported by specific fact[s]." *Id.* at 1178 (internal quotation and citation omitted); *see also Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (finding sealing appropriate where companies "filed declarations from employees" that "explained the measures the two companies take to keep their product-specific financial information confidential" and "the harm they would suffer if their product-specific financial information were made public").

Indeed, such showing is required even where "the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

This presumption does not apply in the same way to non-dispositive motions, "such that the usual presumption of the public's right of access is rebutted." *Id.* (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). "Good cause" is the proper standard when parties wish to keep records attached to a non-dispositive motion under seal. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Simply put, records attached to dispositive motions require the court to apply the compelling reasons standard, whereas records attached to non-dispositive motions require the court to apply the "good cause" standard. *See id.* at 678–79.

**DISCUSSION**

The good cause standard applies to Nevro's Motion, as the Joint Letter and Proposed Order are non-dispositive motions. *See Prolifiq Software Inc. v. Veeva Sys. Inc.*, 2014 WL 2527148, at *3 (N.D. Cal. June 4, 2014).

Pursuant to Civil Local Rule 79-5(e), BSC submits the Declarations of Krista M. Carter and Rafael Carbunaru. Carter Decl., Dkt. No. 94; Carbunaru Decl., Dkt. No. 94-3. Carter declares the proposed redactions "comprise[] BSC's trade secrets and confidential information related to the development of new spinal cord stimulation ('SCS') products and services." Carter Decl. ¶ 2. Carbunaru, Vice President of Research and Development for Boston Scientific Neuromodulation Corporation, further explains the material to be redacted concerns trade secrets that "include extremely sensitive information that is central to BSC's business" such as "prospective regulatory plans[;] commercial plans and activities of potential future products"; and "research and development plans and activities that may or may not result in a commercial product, or may or may not result in a product commercially manufactured and sold in the U.S." Carbunaru Decl. ¶ 3. He declares that public disclosure of this information would place BSC "at a significant competitive disadvantage with respect to Nevro and other competitors because it would divulge the timing of certain planned regulatory and commercial activities that could unfairly allow the competitor[s] to alter their own regulatory and commercial plans in advance in order to unfairly compete with BSC in the marketplace." *Id.* ¶ 4.

The Court finds the material BSC proposes to redact contains trade secrets entitled to protection, and BSC has shown particularized harm will result if the information is made public. *See Phillips*, 307 F.3d at 1210; Civ. L.R. 79-5(b). In addition, the proposed redactions are narrowly tailored and seal only sealable material. Civ. L.R. 79-5(b). Accordingly, the Court **GRANTS** the Motion.

**IT IS SO ORDERED.**

Dated: May 17, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge