UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVRO CORP,<br><br>       Plaintiff,<br><br>   v.<br><br>BOSTON SCIENTIFIC CORPORATION, et al.,<br><br>       Defendants. | Case No.  16-cv-06830-VC<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIM, AND DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 192, 193, 202 |

Boston Scientific Corporation's motion for leave to amend its answer and counterclaim is denied.

Allowing Boston Scientific to bring new counterclaims at this stage in the litigation would unduly prejudice Nevro Corp.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). This case, which focuses on the alleged infringement of seven Nevro patents by Boston Scientific, is already technical and complex.  Adding a counterclaim for misappropriation of trade secrets – and the related counterclaim for tortious interference with contract – that has at best a tangential relationship to Nevro's infringement claims creates a risk of jury confusion.[1] *See DCD Programs*, 833 F.2d at 186 (noting that "the underlying purpose of Rule 15 [is] to facilitate decision on the merits").

Allowing Boston Scientific to amend would also unduly prejudice Nevro because it

---

[1] The risk of jury confusion would be particularly high if Boston Scientific – as it has suggested – is attempting to argue that Nevro had a practice of "hiring ex-BSC employees and encouraging the improper use of confidential information belonging to their former employers." Dkt. No. 214 at 8.

would unnecessarily delay a resolution of Nevro's patent infringement claims.  *See Solomon v. North American Life & Casualty Insurance Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998).  This case has already been litigated for over a year.  If Boston Scientific were allowed to raise these two tangentially related counterclaims, the Court would have to reopen fact discovery and would almost certainly have to delay the trial date, which is now only ten months away.

Nor does it appear that Boston Scientific will be harmed in any significant way by denial of leave to amend.  Boston Scientific can bring a separate lawsuit in state court (where these trade secret claims are best adjudicated in any event) against James Thacker and Nevro.  *See Marble Bridge Funding Group, Inc. v. Euler Hermes American Credit Indemnity Co.,* No. 5:12-CV-02729-EJD, 2014 WL 12647875, at *1 (N.D. Cal. Sept. 3, 2014).

The related motions to seal are also denied.  Boston Scientific has not shown compelling reasons to seal any part of Nevro's opposition brief or any of the exhibits to Nevro's opposition.  *See* Dkt No. 209.  Boston Scientific's justifications for sealing certain exhibits are vague, conclusory, and largely repetitive boilerplate.  The request to seal entire exhibits, in lieu of identifying specific information that should be redacted, is also overbroad.  For example, Boston Scientific has requested that the court seal an email from James Thacker to David Marco even though it has not requested that the court redact almost the entire body of the very same email from Nevro's opposition brief.  Although the Court is tempted to sanction Boston Scientific for making this frivolous sealing request, this order will serve as a warning to both parties that frivolous sealing requests, or frivolously overbroad sealing requests, will result in sanctions going forward.  Within seven days of this order, Boston Scientific must refile publicly the sealed exhibits to the motion for leave to amend its answer and counterclaim, and Nevro must refile publicly the sealed opposition brief and the related exhibits.

**IT IS SO ORDERED.**

Dated: December 20, 2017

_____
VINCE CHHABRIA
United States District Judge