Krista M. Carter (State Bar No. 225229)
Email address:  krista.carter@apks.com
Thomas T. Carmack (State Bar No. 229324)
Email address: tom.carmack@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, California  94306
Telephone:     (650) 319-4500
Facsimile:     (650) 319-4700

Matthew M. Wolf (admitted *pro hac vice*)
Email address:  matthew.wolf@apks.com
Edward Han (admitted *pro hac vice*)
Email address:  edward.han@apks.com
Marc A. Cohn (admitted *pro hac vice*)
Email address:  marc.cohn@apks.com
Amy L. DeWitt (admitted *pro hac vice*)
Email address:  amy.dewitt@apks.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone:     (202) 942-5000
Facsimile:     (202) 942-5999

Attorneys for Defendants
BOSTON SCIENTIFIC CORPORATION and
BOSTON SCIENTIFIC NEUROMODULATION
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEVRO CORP.,<br><br>Plaintiff,<br><br>vs.<br><br>BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC NEUROMODULATION CORPORATION,<br><br>Defendants. | Case No. 3:16-cv-06830-VC<br><br>**BSC'S NOTICE OF MOTIONS AND MOTIONS (1) TO STAY PORTIONS OF THE COURT'S DECEMBER 20, 2017 SEALING ORDER (DKT. 247) AND (2) FOR LEAVE TO FILE A MOTION FOR PARTIAL RECONSIDERATION OF THE DECEMBER 20, 2017 SEALING ORDER**<br><br>Date:   February 1, 2018<br>Time:   10:00 a.m.<br>Place:  San Francisco Courthouse,<br>          Courtroom 2 – 17th Floor |

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ...........................................................................................................i

NOTICE OF MOTION AND MOTION ........................................................................1

CONCISE STATEMENT OF RELIEF SOUGHT ...........................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................2

I.      INTRODUCTION ..............................................................................................2

II.     FACTUAL BACKGROUND ...............................................................................3

III.    ARGUMENT .....................................................................................................3

    A.      A Stay Is Warranted Pending BSC's Motion For Partial Reconsideration.................3

        1.      There Is A Strong Likelihood Of Success On The Merits ...............................3

        2.      BSC Would Suffer Irreparable Injury If Its Confidential Information Were Unsealed ..............................................................5

    B.      This Court Has Discretion To Reconsider Its Prior Order, And Reconsideration Is Justified Here ................................................6

IV.     CONCLUSION ..................................................................................................7

## NOTICE OF MOTION AND MOTION

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 1, 2018, Defendants Boston Scientific Corporation and Boston Scientific Neuromodulation Corporation (collectively, "BSC") will move and hereby do move this Court to stay portions of its December 20, 2017 Order ("Sealing Order," Dkt. No. 247) denying sealing of certain confidential BSC information and, pursuant to Local Civil Rule 7-9, move this Court for leave to file its motion for partial reconsideration, attached to the Declaration of Amy L. DeWitt as Exhibit 1.  This motion is based upon this notice and motion, the accompanying points and authorities and exhibits in support thereof, any other papers on file with the Court, and such other matters as may be brought before the Court prior to or at the hearing on this motion.

## CONCISE STATEMENT OF RELIEF SOUGHT

BSC respectfully seeks an order staying the Court's December 20, 2017 Sealing Order regarding Nevro's Opposition and Exhibits B, C, D, M, and N to the Declaration of Kenneth Kuwayti[1] until the later of: (1) the Court's ruling on BSC's motion for partial reconsideration, or (2) in the event the Court denies BSC leave to file its partial reconsideration motion (or grants leave and denies BSC's motion), any appeal.  BSC also moves for leave to file its motion for partial reconsideration of the Sealing Order.

---

[1] Nevro's Opposition to BSC's Motion for Leave to Amend was originally filed under seal at Dkt. No. 202-4, and with redactions at Dkt. Nos. 202-3, 203.  Exhibit B to the Declaration of Kenneth Kuwayti  was originally filed under seal at Dkt. Nos. 202-8, 203-3, and with redactions at Dkt. No. 202-7.  Exhibit C to the Declaration of Kenneth Kuwayti was originally filed under seal at Dkt. Nos. 202-10, 203-4, and with redactions at Dkt. No. 202-9.  Exhibit D to the Declaration of Kenneth Kuwayti was originally filed under seal at Dkt. Nos. 202-12, 203-5, and with redactions at Dkt. No. 202-11.  Exhibit M to the Declaration of Kenneth Kuwayti was originally filed under seal at Dkt. Nos. 202-22, 203-14, and with redactions at Dkt. No. 202-21.  Exhibit N to the Declaration of Kenneth Kuwayti was originally filed under seal at Dkt. Nos. 202-24, 203-15, and with redactions at Dkt. No. 202-23.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.    INTRODUCTION

BSC respectfully requests a limited stay to the Court's Order requiring that BSC publicly

file certain highly-confidential and trade secret information by December 27, 2017.  BSC's

requested stay is warranted because revealing BSC's highly-confidential product-specific

information would cause significant harm by granting competitors an unfair and unearned

advantage in the marketplace.  Requiring disclosure without allowing BSC the opportunity to move

for partial reconsideration would result in immediate and irreparable harm, for "[s]ecrecy is a one-

way street"—that is, once confidential information has been released to the public, it "cannot be

made secret again."  *In re Copley Press, Inc. v. Ismael Highera- Guerrero*, 518 F.3d 1022, 1025

(9th Cir. 2008).

BSC only seeks to seal two lines of Nevro's Opposition brief and portions of five exhibits.[2]

BSC does ***not*** seek leave to reconsider the Sealing Order regarding:  (1) Exhibits 1 and 2 to the

Declaration of Amy DeWitt in Support of Boston Scientific's Motion for Leave to Amend Answer

to Counterclaims (Dkt. Nos. 193-2, 193-3); (2) Nevro's Opposition at pages 3, 5, 8, and footnote 7

(Dkt. 203); (3) Exhibit A to the Declaration of Kenneth Kuwayti in Support of Nevro's Opposition

(Dkt. 203-2); and (4) Exhibit S to the Kuwayti Declaration (Dkt. No. 203-20). BSC has a strong

likelihood of success on the merits of its motion for partial reconsideration, and will face irreparable

harm should disclosure be required pending resolution.  In contrast, there is no substantial

countervailing public or private interest in briefly delaying imposition of the Court's order pending

BSC's motion for leave.  As set forth in BSC's partial motion for reconsideration, declarations that

BSC submitted in support of the sealing motion that was denied in the December 20, 2017 Sealing

---

[2] As detailed in BSC's motion for partial reconsideration, BSC seeks to seal Nevro's Opposition Brief at page 2, lines 25-26 and redacted portions of Exhibits B, C, D, M, and N to the Declaration of Kenneth Kuwayti.

Order were consistent with prior sealing motions that the Court previously granted.  BSC has further submitted focused redactions to the documents sought to be sealed (with the exception of portions of Exhibits M and N, which BSC explains in its partial motion for reconsideration) and further detail as to its reasons for sealing in the Supplemental Declaration of Dr. Rafael Carbunaru. Accordingly, BSC respectfully submits that the Court exercise its discretion to stay the Sealing Order .

## II.     FACTUAL BACKGROUND

On November 20, 2017, in support of the administrative motion to file certain portions of Nevro's Opposition and supporting exhibits to BSC's Motion for Leave to Amend Under Seal (Dkt. 202), BSC submitted declarations from Dr. Rafael Carbunaru, Vice-President of Research and Development at Boston Scientific Neuromodulation (Dkt. 209) and Amy DeWitt, outside counsel for BSC (Dkt. 209-1).  On December 20, 2017, the Court's Sealing Order denied BSC's request to seal, finding that BSC "has not shown compelling reasons to seal any part of Nevro's opposition brief or any of the exhibits to Nevro's opposition" by, among other things, "request[ing] to seal entire exhibits, in lieu of identifying specific information that should be redacted . . . ."  (Dkt. No. 247 at 2.)  BSC's partial motion for reconsideration, attached as Exhibit 1 to the Declaration of Amy L. DeWitt, explains how BSC has submitted focused redactions in light of the Court's order, and provides further information how the information is confidential to BSC and should remain protected based on the Supplemental Declaration of Dr. Carbunaru.

## III.    ARGUMENT

### A.     A Stay Is Warranted Pending BSC's Motion For Partial Reconsideration

#### 1.     There Is A Strong Likelihood Of Success On The Merits

To obtain a stay, BSC "must establish a strong likelihood of success on the merits, or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate

- 3 -

in its favor." *Merial Ltd. v. Cipla Ltd.*, 426 Fed. App'x 915, 915 (Fed. Cir. 2011) (citing *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)).  Although courts may also consider the impact of a stay on other parties and the public, the likelihood of success and irreparable injury prongs are "the most critical."  *See, e.g.*, *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 449 Fed. App'x 35, 36 (Fed. Cir. 2011) ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion based on consideration of four factors, the first two of which are the most critical: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990) ("When harm to applicant is great enough, a court will not require 'a strong showing' that applicant is 'likely to succeed on the merits.'") (citation omitted).

As set forth more fully in BSC's motion for partial reconsideration, there is a strong likelihood that BSC will succeed in showing that the portions of the documents it seeks to seal contain highly-confidential and/or trade secret information that should not be disclosed to the public and BSC's competitors.  The types of information that BSC seeks to seal consist of confidential, non-public information related to (i) research and development strategies for its spinal cord stimulator products, (ii) technical specifications of BSC product components and clinical strategy, (iii) project investment and regulatory strategies for products in development and future potential BSC products, and (iv) draft clinical protocols for current and future products.  BSC submits that it has shown under either the "good cause" or "compelling reason" standards that the portions of these documents should remain under seal, particularly for portions of Exhibits M and N, which formed the basis for BSC's motion for leave to amend its counterclaims to allege trade secret

- 4 -

misappropriation.  *See, e.g.*, *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("compelling reason" standard applies to "sources of business information that might harm a litigant's competitive standing"); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption [of public access].").

### 2.    BSC Would Suffer Irreparable Injury If Its Confidential Information Were Unsealed

Without a stay, public disclosure of the documents BSC seeks to seal would cause immediate and substantial harm to BSC's competitive standing that cannot be rectified.  *In re Copley Press*, 518 F.3d at 1025; *see also In re Grand Jury Subpoena*, 825 F.2d 231, 234 (9th Cir. 1987) (explaining that "we cannot unring the bell" of disclosure); *accord Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 9 (1st Cir. 1998) ("Compelling a party that disputes an unsealing order to forgo appeal until the conclusion of the underlying litigation would let the cat out of the bag, without any effective way of recapturing it if the district court's directive was ultimately found to be erroneous."); *Maine v. U.S. Dep't of Interior*, No. CIV. 00-122-B-C, 2001 WL 98373, at *3 (D. Me. Feb. 5, 2001) ("Most persuasive to the Court is the DOI Defendants' contention that a refusal to issue a stay will have an irreparably harmful effect on their right to appeal the Court's order to disclose documents. . . [T]he DOI Defendants' right to meaningful review of the disclosure order will become moot upon disclosure of the documents because confidentiality will be lost for all time and the status quo could never be returned.") (internal quotations and citations omitted).

Because of the highly competitive and sensitive nature of BSC's business, as well as BSC's obligations to safeguard its own business, BSC in the normal course of business treats as confidential and takes reasonable steps to limit the disclosure of its confidential information.  In contrast, the public has little or no legitimate interest in access to BSC's confidential information

and, to the extent it does, that interest will not be meaningfully impaired by a delay in the information's disclosure while this Court considers BSC's motion for partial reconsideration.

**B.     This Court Has Discretion To Reconsider Its Prior Order, And Reconsideration Is Justified Here**

The Court has discretion to reconsider its prior orders.  *See United States v. Quintanilla*, No. CR 09-01188 SBA, 2011 WL 4502668, at *5 (N.D. Cal. Sept. 28, 2011).  Local Civil Rule 7-9(a) provides that any party can request "leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b)."  Pursuant to Rule 7-9(b), a party may file a motion for reconsideration showing "a material difference in fact . . . from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought."  Rule 7-9(b) further allows reconsideration if the court committed clear error or the initial decision was manifestly unjust.  *See Quintanilla,* 2011 WL 4502668, at *5 (*citing Sch Dist. No. 1 J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).  It is not uncommon for courts within this district to grant motions for leave to file a motion for reconsideration of an order regarding sealing.  *See, e.g.*, *VIA Techs., Inc. v. Asus Comp. Int'l*, No. 14-cv-03586-BLF, Dkt. No. 302 (N.D. Cal. July 11, 2017); *Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*, No. 5:14-cv-03750-PSG, Dkt. No. 358 (N.D. Cal. Sept. 21, 2015); *Emblaze Ltd. v. Apple Inc.*, No. 5:11-cv-01079-PSG, Dkt. No. 606 (N.D. Cal. July 11, 2014).

In its Sealing Order, the Court stated, among other things, that BSC's "request to seal entire exhibits, in lieu of identifying specific information that should be redacted, is also overbroad." (Dkt. 247 at 2.)  BSC's motion for partial reconsideration addresses this issue by narrowly tailoring the proposed redactions to confidential business information.  Additionally, to the extent the Court determined the declaration submitted by Dr. Rafael Carbunaru was not sufficiently detailed with respect to the information BSC sought to seal, Dr. Carbunaru has submitted a Supplemental Declaration in support of BSC's motion.  BSC respectfully submits that its new redactions and the

- 6 -

Carbunaru Supplemental Declaration constitute new material facts occurring after the Court's interlocutory Sealing Order and warrant reconsideration of the order.

## IV.    CONCLUSION

For the foregoing reasons, BSC respectfully requests that the Court stay the portions of its December 20, 2017 Order denying BSC's motion to seal Nevro's Opposition and Exhibits B, C, D, M, and N to the Kuwayti Declaration until the later of:  (1) the Court's ruling on BSC's partial motion for reconsideration; or (2) in the event that the Court denies BSC leave to file its reconsideration motion (or grants leave but denies the motion), any appeal.  BSC also respectfully requests that the Court grant leave for BSC to file its motion for partial reconsideration.

Dated:  December 22, 2017                         ARNOLD & PORTER KAYE SCHOLER LLP


                                                 By:  /s/ Amy L. DeWitt
                                                      Amy L. DeWitt

                                                 Attorney for Defendants
                                                 BOSTON SCIENTIFIC CORPORATION and
                                                 BOSTON SCIENTIFIC NEUROMODULATION
                                                 CORPORATION