UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVRO CORP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOSTON SCIENTIFIC CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-06830-VC (MEJ)<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 221, 234 |

## INTRODUCTION

The parties move to file under seal portions of their two joint discovery letters and documents attached thereto. *See* Dkt. Nos. 221, 234. Having considered the parties' declarations, the relevant legal authority, and the record in this case, the Court issues the following order.

## LEGAL STANDARD

There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To seal judicial records relating to motions that are "more than tangentially related to the merits of a case," *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016), a party must "articulate compelling reasons supported by specific factual findings," *Kamakana*, 447 F.3d at 1178 (internal quotation marks and citation omitted). Indeed, such showing is required even where "the [] motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

The strong presumption of public access to judicial documents applies to such motions

because the resolution of a dispute on the merits is at the heart of the interest in ensuring that the public understands the judicial process. *Id.* The presumption does not apply in the same way to motions that are "not related, or only tangentially related, to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1099. With such motions, "the usual presumption of the public's right of access is rebutted." *Id.* at 1179 (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). A party seeking to seal documents attached to such motions nevertheless must meet the lower "good cause" standard under Rule 26(c). *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). This requires the party to make a "particularized showing" that "specific prejudice or harm" will result if the information is disclosed. *Phillips*, 307 F.3d at 1211. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (internal quotation marks and edits omitted).

Civil Local Rule 79-5(b) also requires that a sealing request "must be narrowly tailored to seek sealing only of sealable material." "Where a party seeks to file under seal a document designated as confidential by the opposing party pursuant to a protective order, the designating party must submit a declaration establishing the material sought to be sealed is sealable. Civ. L.R. 79-5(e)(1).

## DISCUSSION

As the Motions concern discovery matters only tangentially related to the merits of the case, the Court applies the "good cause" standard to the Motions to Seal. *See Phillips*, 307 F.3d at 1213 ("Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action.").

Both Motions concern information Defendants Boston Scientific Corporation and Boston Scientific Neuromodulation Corporation's (together, "BSC") designated as "Highly Confidential – Attorneys' Eyes Only." BSC counsel Rafael Carbunaru addresses why each document should be sealed. *See* Carbunaru Decl., Dkt. No. 244. In general, Mr. Carbunaru declares the joint letter briefs and exhibits thereto "specifically recite nonpublic information relating to the research and development and commercialization for potential future BSC products. This information

2

comprises core BSC trade secrets." *Id.* ¶ 7. The information sought to be sealed concerns "extremely sensitive information that is central to BSC's business[,]" including commercial plans and activities of potential future products, research and development plans and activities, confidential license agreements with third parties, source code, and "proprietary technical know-how." *Id.* ¶ 3; *see* Carter Decl. ¶ 12, Dkt. No. 244-1. Mr. Carbunaru sets forth specific reasons why BSC would be placed in at a significant competitive disadvantage if this information were to be made public. *See* Carbunaru Decl. ¶¶ 4-6.

### 1. Dkt. No. 221

Plaintiff Nevro Corp. seeks to file under seal portions of the joint letter concerning BSC's Corporate Representative Testimony and portions of the transcript of the November 10, 2017 deposition of Matt Jorgenson. Dkt. No. 221. Mr. Carbunaru declares this information concerns "BSC's patent licenses with third parties, to whom BSC owes contractual confidentiality obligations." Carbunaru Decl. ¶ 8. The Court finds Mr. Carbunaru sets forth specific reasons establishing good cause for sealing the proposed, narrowly tailored redactions. *See id.* ¶¶ 8-9.

### 2. Dkt. No. 234

Nevro also moves to file under seal portions of the joint letter concerning the dispute over programming parameters and the exhibits thereto. Dkt. No. 234. Mr. Carbunaru avers this letter and its accompanying exhibits concern "nonpublic information relating to BSC's nonpublic products in development and future products" which BSC considers to be trade secrets. Carbunaru Decl. ¶ 24. The Court finds Mr. Carbunaru establishes good cause for sealing and further finds the proposed redactions are narrowly tailored.

## CONCLUSION

For these reasons, the Court GRANTS both Motions to File Under Seal.

**IT IS SO ORDERED.**

Dated: January 22, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge