UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVRO CORP, <br>     Plaintiff, <br> v. <br> BOSTON SCIENTIFIC CORPORATION, et al., <br>     Defendants. | Case No. 16-cv-06830-VC (MEJ) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. Nos. 222, 235, 267 |

## INTRODUCTION

Pending before the Court are the parties two joint discovery letters. Dkt. Nos. 222, 235; *see also* Dkt. No. 267 (joint letter following meet and confer). Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors

bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case").

## DISCUSSION

**A.     Dkt. No. 222**

Plaintiff Nevro Corp. may seek responses to Issues 2, 3, and 6 through expert discovery. Defendants Boston Scientific Corporation and Boston Scientific Neuromodulation (together, "BSC") shall provide written responses to Issues 1, 4, 5, 8, and 9, as well as a privilege log for Issue 7.

**B.     Dkt. No. 235**

Nevro's requested discovery is disproportional to the needs of this case and overly burdensome. Nevro's request is therefore DENIED.

**IT IS SO ORDERED.**

Dated: January 24, 2018

MARIA-ELENA JAMES
United States Magistrate Judge