UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVRO CORP,<br><br>   Plaintiff,<br><br>  v.<br><br>BOSTON SCIENTIFIC CORPORATION, et al.,<br><br>   Defendants. | Case No. 16-cv-06830-VC<br><br>**ORDER TO SHOW CAUSE; ORDER RE MOTION FOR STAY, MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION, MOTION FOR PARTIAL RECONSIDERATION OF DECEMBER 20, 2017 SEALING ORDER, AND ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. Nos. 255, 262 |

  On November 2, 2017, the Boston Scientific defendants moved to amend their answer to add state-law counterclaims against Nevro Corp. In connection with this motion, Boston Scientific attempted to seal portions of its proposed counterclaims, portions of Nevro's opposition, and a number of exhibits supporting Nevro's opposition. Dkt. Nos. 192, 209. On December 20, 2017, this Court denied the motion for leave to amend. Dkt. No. 247. The related motions to file documents under seal were also denied in full because Boston Scientific had not shown compelling reasons to seal any of the information it proposed to seal and its requests were frivolously overbroad.

  Boston Scientific has moved for leave to file a motion for partial reconsideration of the decision denying the motions to file documents under seal. That request is granted, and the Court now considers the motion for partial reconsideration. That motion is denied, because Boston Scientific has again requested to seal information without a legitimate basis. Most egregiously, Boston Scientific has requested that the Court seal parts of an email that could constitute evidence that Boston Scientific intended to copy Nevro's technologies (as well as the

technologies of other companies). Rafael Carbunaru, a Vice President of Research and Development at Boston Scientific, wrote that another employee thought Boston Scientific's "clinical research is short term focused (marketing and sales claims), or essentially me-too approaches (DBS), but not innovative in nature." "That is why," Carbunaru continued, "we will need to copy or acquire approaches developed by others (Nevro, Spinal Modulation, Neurosigma, etc)." Dkt. 202-8 at 2; *see also* Dkt. No. 255-5 at 3. Now Carbunaru has submitted a declaration in which he asserts that Boston Scientific "considers this information to be its trade secrets." Dkt. No. 255-3 at ¶ 4. He characterizes the statement Boston Scientific wants to seal as a discussion of "BSC's strategies for developing new technologies to add to BSC's stable of products in order to remain competitive in the market, as well as [a discussion of] BSC's business development efforts for producing innovative products." *Id.* But it is obvious that Boston Scientific actually wants to seal this information because the company is concerned that the statement creates the impression that Boston Scientific was acting improperly. Without opining on whether this email actually constitutes evidence that Boston Scientific did anything improper, what's clear is that the document cannot be filed under seal simply because it might suggest that possibility. It's this sort of misuse of the sealing process that allowed the church abuse scandal to remain hidden for so long. *See* Gregg Costa, *Federal Appellate Judge: Too Many Sealed Documents*, National Law Journal, Feb. 15, 2016.

There are a number of other proposed redactions that lack justification. For example, Boston Scientific also requests that the Court keep under seal a discussion of technical information in another internal Boston Scientific email because the "redactions cover detailed discussions regarding the exact technical specifications and design of BSC's non-public products in development." Dkt. No. 255-3 at ¶ 5. But the proposed redactions actually cover a number of discussions regarding Nevro's products, and Nevro does not want that material to be redacted. Dkt. No. 202-10 at 2-4; *see also* Dkt. No. 255-6 at 3-5. Boston Scientific does not explain how the technical details of Nevro's products could possibly be Boston Scientific's confidential information, or how the disclosure of this information could unfairly prejudice Boston Scientific.

2

For the same reasons, the motion to seal portions of Nevro's opposition to this set of motions is also denied.

The Clerk of the Court is ordered to unseal the following docket entries: 192-4, 192-6, 202-4, 202-6, 202-8, 202-10, 202-12, 202-14, 202-16, 202-18, 202-20, 202-22, 202-24, 202-26, and 262-4.

All lawyers for the Boston Scientific defendants involved in the sealing requests and the motion for reconsideration are ordered to show cause why they should not each be sanctioned $500 for their frivolous and vexatious conduct. Each lawyer involved must file a separate brief responding to this order to show cause by no later than February 20, 2018, at 10:00 a.m.

**IT IS SO ORDERED.**

Dated: February 15, 2018

VINCE CHHABRIA
United States District Judge