UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVRO CORP,<br><br>　　Plaintiff,<br><br>　　v.<br><br>BOSTON SCIENTIFIC CORPORATION, et al.,<br><br>　　Defendants. | Case No. 16-cv-06830-VC<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 275 |

　　Boston Scientific's motion for leave to amend its invalidity contentions is denied, because Boston Scientific has not met its burden to show it acted diligently.

　　When defendants know or should know that their initial search for prior art was inadequate, to act diligently they must make efforts to supplement that search. *Cf. O2 Micro International Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1366-67 (Fed. Cir. 2006); *Apple Inc. v. Samsung Electronics Co.,* No. 12-CV-00630 LHK (PSG), 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012).

　　Here, Boston Scientific had ample reason to know that its initial search for prior art was deficient. *See* Dkt. No. 161-1, Carter Decl. at ¶¶ 10-15. First, Boston Scientific has itself repeatedly argued that it was unable to properly search for prior art and prepare its invalidity contentions because Nevro asserted over 200 claims in its initial infringement contentions. *Id.* at ¶ 13; *see also* Dkt. No. 274-4, Motion at 6, 11 ("[T]he assertion of so many claims was hampering BSC's ability to conduct its invalidity analysis."). And soon after Boston Scientific served its invalidity contentions in March 2017, outside counsel for Boston Scientific in another proceeding brought a reference that had not been identified in the initial search to the attention of

Boston Scientific's outside counsel in this case. *See* Dkt. No. 161-1, Carter Decl. at ¶ 15 ("The third-party prior art search [Boston Scientific] commissioned simply did not uncover [this] reference.").

Yet Boston Scientific does not detail what efforts it has undertaken to search for prior art after its initial search. It seems like Boston Scientific may not have done much of anything, since it now argues that there was "absolutely no reason" for it to engage in additional searches for prior art after Nevro served amended infringement contentions in May 2017 that asserted only 40 claims. Dkt. No. 296, Reply at 2.

Moreover, Boston Scientific in part seeks to amend its invalidity contentions to include a reference its in-house counsel identified in January 2018 by reviewing a third-party submission to a European Patent Office proceeding opposing one of Nevro's patents – a proceeding Boston Scientific brought before the EPO in 2015. The problem is that Boston Scientific has known about this reference for at least a year: Boston Scientific, through outside counsel, disclosed this reference as part of the European proceeding in February 2017. Yet Boston Scientific does not explain whether Boston Scientific's counsel in this case ever reviewed the reference before January 2018. (Further, Boston Scientific does not explain, if counsel did not review this reference, why it did not, and if counsel did review this reference, why it did not recognize the relevance of the reference to this case.) Here, a diligent search would have included a careful review of Boston Scientific's own filings in related proceedings and the references disclosed therein – especially given Boston Scientific's counsel in this case has known since March 2017 that prior art identified in related proceedings could be relevant to this action. *See* Dkt. No. 161-1, Carter Decl. at ¶ 15; *see also* Dkt. No. 161-2, Carter Decl. Ex. 1 at 2.

**IT IS SO ORDERED.**

Dated: April 3, 2018

_____
VINCE CHHABRIA
United States District Judge