UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVRO CORP,<br><br>        Plaintiff,<br><br>   v.<br><br>BOSTON SCIENTIFIC CORPORATION, et al.,<br><br>        Defendants. | Case No.  16-cv-06830-VC<br><br>**ORDER RE SANCTIONS**<br>Re: Dkt. No. 294 |

      On behalf of its clients, the law firm of Arnold & Porter Kaye Scholer LLP filed a frivolous request to seal documents.  The Court denied that request and warned counsel "to both parties that frivolous sealing requests, or frivolously overbroad sealing requests, will result in sanctions going forward."  Dkt. No. 247 at 2.  Two days later, the firm filed a motion for partial reconsideration of the order denying the request to seal.  This motion was also frivolous.  When denying the motion for partial reconsideration, the Court issued an order to show cause why the lawyers involved should not each be sanctioned $500 for this conduct.  Each of the lawyers responded to the order to show cause.  One of the lawyers argued that nobody should be sanctioned, but urged that if the Court disagreed, it should sanction only him – and not his firm or the other lawyers involved in the case.

      Nothing in any of the responses to the order to show cause comes close to justifying either the original sealing request or the motion for partial reconsideration.  Nor, at the hearing on the order to show cause, was any legitimate justification offered for either the original sealing request or the motion for partial reconsideration.  Both filings were objectively frivolous and therefore in clear violation of Rule 11 of the Federal Rules of Civil Procedure.

At the hearing on the order to show cause, there was discussion of the fact that attorneys – particularly attorneys for corporate clients – are under great pressure to file motions to seal information that their clients would prefer to keep secret, even if there is no legitimate basis to keep the information secret.  This is no doubt a significant issue for corporate lawyers, but the answer is not to file frivolous sealing requests.  The answer is to firmly explain to their clients that litigation is a public process, and that the public has the right to know what the litigation is about, subject only to very limited exceptions.  Mere embarrassment to a corporation is not one of those exceptions.

The attorney who urged that only he be sanctioned, rather than his firm or the other lawyers whose names were on the motions, is admirable.  However, it is incumbent upon law firms to prevent their lawyers and clients from filing these frivolous sealing requests.  Therefore, the law firm of Arnold & Porter Kaye Scholer LLP will be sanctioned $500 per lawyer involved, for a total of $2,500.  Payment shall be made to the Clerk of the Court within 14 days of this ruling.  Next time, the sanction will be far heavier.

**IT IS SO ORDERED.**

Dated: May 8, 2018

_____
VINCE CHHABRIA
United States District Judge