UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVRO CORP,<br><br>    Plaintiff,<br><br>    v.<br><br>BOSTON SCIENTIFIC CORPORATION, et al.,<br><br>    Defendants. | Case No. 16-cv-06830-VC (MEJ)<br><br>**ORDER RE: MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR TO PRECLUDE**<br><br>Re: Dkt. No. 335 |

## INTRODUCTION

Plaintiff Nevro Corp. seeks leave to file a motion for reconsideration of the Court's January 24, 2018 discovery order denying Nevro's request for discovery from Defendants Boston Scientific Corporation and Boston Scientific Neuromodulation Corporation (together, "BSC"). Mot., Dkt. No. 335. In the alternative, Nevro requests the Court preclude BSC from challenging Nevro's infringement or damages theories pursuant to Federal Rule of Civil Procedure 26(g). *Id.* BSC filed an Opposition (Dkt. No. 353), and Nevro filed a Reply (Dkt. No. 362). Pursuant to Federal Rule of Civil Procedure 78 (b) and Civil Local Rules 7-1(b) and 7-9(d), the Court finds this matter suitable for disposition without oral argument. Having considered the parties' arguments, the relevant legal authority, and the record in this case, the Court issues the following order.

## DISCUSSION

Prior to the entry of judgment adjudicating all claims, a party may seek leave to file a motion for reconsideration of any interlocutory order. Civ. L.R. 7-9(a). As is relevant here, the moving party must demonstrate reasonable diligence in bringing the motion and show "[t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was

presented to the Court before entry of the interlocutory order for which reconsideration is sought." Civ. L.R. 7-9(b)(1).

The Court previously found Nevro's request for discovery regarding BSC's commercial programming parameters was unduly burdensome and not proportional to the needs of the case. Disc. Order at 2, Dkt. No. 273; *see* Jt. Ltr., Dkt. No. 235. Nevro argues two of BSC's expert rebuttal reports contradict the representations BSC made in the Joint Letter: (1) a report by Dr. Richard T. Mihran, BSC's technical expert; and (2) a report by John R. Bone, BSC's damages expert. Mot. at 4-7; *see* Mihran Rep., Dkt. Nos. 334-8 (unredacted) & 335-3 (redacted); Bone Rep., Dkt. Nos. 334-5 (unredacted) & 335-2 (redacted). BSC served both reports on Nevro on February 14, 2018. Kuwayti Decl. ¶¶ 2-3, Dkt. No. 335-1.

The Court DENIES the Motion for Leave to File a Motion for Reconsideration. The Mihran and Bone reports do not constitute a material difference in fact since the January 24 discovery order. BSC has never denied that it collects the requested data; rather, the issue has been whether producing this data is proportional to the needs of the case. *See* Jt. Ltr. at 4 (explaining "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.").

Nevro relies on Mr. Bone's opinion that "BSC's main purpose was ███████████████████████████████████████" to argue "BSC must already have in its possession the data which it represented to the Court it could not collect." Mot. at 7-8; Bone Rep. ¶ 133; *see id.* ¶ 60. This does not constitute new facts showing that the data is readily accessible. Mr. Bone's opinion does not contradict BSC's prior representation that ████████████████████████████████████████████████████████████████████████████████, renders it unduly burdensome to produce this information to Nevro. Notably, BSC represents its own "experts had access to the same discovery regarding the issue as did Nevro and its experts." Opp'n at 5 (quoting Dkt. No. 334-16 at 1 (email from BSC counsel to Nevro counsel)). Nevro does not

2

dispute this representation.

The Court also DENIES Nevro's Motion to Preclude. Nevro's request is premature. Briefing on the parties' motions for summary judgment has only just concluded, and the hearing on those motions and claims construction is not until July 13, 2018. *See* Dkt. No. 370. It is unclear at this point what, if any, claims will proceed to trial, let alone whether BSC will offer arguments that take advantage of its refusal to produce the programming data. However, this does not preclude Nevro from seeking such relief in the future. If Nevro seeks to exclude this evidence at trial, it may do so in a motion in limine before the presiding judge.

## CONCLUSION

No later than May 24, 2018, BSC shall file a declaration under penalty of perjury confirming the representation that its experts had access to the same discovery regarding the programming parameters as did Nevro and its experts. Upon the Court's confirmation that this representation is accurate, the Court will DENY Nevro's Motion.

**IT IS SO ORDERED.**

Dated: May 17, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge