UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVRO CORP,<br><br>        Plaintiff,<br><br>    v.<br><br>BOSTON SCIENTIFIC CORPORATION, et al.,<br><br>        Defendants. | Case No. 16-cv-06830-VC<br><br>**TENTATIVE RULING** |

The Court's tentative ruling is as follows:

Patentability

The inventions are patent eligible because they are directed to an improved method and/or system for managing pain through spinal cord stimulation.

Claim Construction

1. "Frequency" means "fundamental frequency" or "pulse rate."

2. "Paresthesia" means "a sensation usually described as tingling, pins and needles, or numbness."

3. "Implantable" means "suitable for long-term implantation."

4. "Therapy signal" means "electrical signal."

5. "Configured to" means "capable of" or "programmable to."

6. "Non-paresthesia producing," and similar language regarding the result achieved by the therapy signal, is indefinite, which means that all claims using such language are invalid.

7. Although such language is used in Claims 1 and 5 of the Fang patent, that language appears in the preambles to those claims and therefore does not render those claims indefinite.

Assuming the conclusions set forth above hold, the issues of infringement and anticipation would remain to be adjudicated for Claims 1 and 5 of the '472 patent, and Claims 1 and 22 of the '842 patent.

<u>Other Question Regarding Indefiniteness</u>

There appears to be something else fundamentally wrong with many of the claims in the Alataris patents (beyond the indefiniteness associated with "non-parasthesia producing"). The inventive concept appears to be based almost exclusively in the software. That is, the invention is a system in which software is used to do something different with signal generators than what was done before – the software enables the clinician to program the signal generator to send high frequency signals, whereas in prior systems the software enabled the clinician to program the signal generator to send lower frequency signals. Yet, in most of the asserted system claims, there is no mention of the programming function – no mention of the one aspect of the system that is actually inventive. Does this mean those claims fail to "particularly point[] out and distinctly claim[] the subject matter which the applicant regards as his invention"? 35 U.S.C. § 112. If so, any claim that failed to include the programming aspect of the system would be invalid for that reason as well. This would include Claim 1 of the '842 patent.

<u>Summary Judgment: Infringement and Anticipation</u>

Assuming the above conclusions hold, three claims remain: Claims 1 and 5 of the '472 patent, and Claim 22 of the '842 patent.

1. The safe-harbor provision applies to continued use of the systems by patients who participated in the clinical trial.

2. It appears Nevro is entitled to summary judgment of infringement of Claims 1 and 5 of the '472 patent with respect to the Precision with MultiWave system; it appears Boston Scientific is entitled to summary judgment of non-infringement of these claims with respect to the Spectra WaveWriter systems made for commercial use. It appears Nevro is also entitled to summary judgment on anticipation – these claims are not anticipated by the 2004 Precision system because that system didn't disclose the fourth limitation (discussing programming the signal generator).

3. It appears Nevro is entitled to summary judgment of infringement of Claim 22 of the '842 patent with respect to the Precision with MultiWave system. With respect to the Spectra WaveWriter systems made for commercial use, the Court is uncertain; perhaps Boston Scientific is entitled to summary judgment on the ground that those systems don't meet the third element. A trial may be required on anticipation of this claim by the 2004 Precision system, because it's unclear whether the 2004 Precision system met the third and fourth elements of the claim. With respect to the argument that the '842 patent is anticipated by the '472 patent, it appears highly likely that the '472 patent is not prior art, but it is unclear whether this is amenable for adjudication on summary judgment, as opposed to following a bench trial or some other evidentiary proceeding.

**IT IS SO ORDERED.**

Dated: July 5, 2018

VINCE CHHABRIA
United States District Judge