Krista M. Carter (State Bar No. 225229)
Email address: krista.carter@arnoldporter.com
Thomas T. Carmack (State Bar No. 229324)
Email address: tom.carmack@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, California 94306
Telephone:      (650) 319-4500
Facsimile:      (650) 319-4700

Matthew M. Wolf (admitted *pro hac vice*)
Email address: matthew.wolf@arnoldporter.com
Edward Han (admitted *pro hac vice*)
Email address: edward.han@arnoldporter.com
Marc A. Cohn (admitted *pro hac vice*)
Email address: marc.cohn@arnoldporter.com
Amy L. DeWitt (admitted *pro hac vice*)
Email address: amy.dewitt@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone:      (202) 942-5000
Facsimile:      (202) 942-5999

Attorneys for Defendants
BOSTON SCIENTIFIC CORPORATION and
BOSTON SCIENTIFIC NEUROMODULATION
CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NEVRO CORP., | Case No. 3:16-cv-06830-VC |
| Plaintiff, | **BOSTON SCIENTIFIC'S MOTION FOR REVIEW OF THE CLERK'S TAXATION OF COSTS, ECF NO. 499** |
| v. | |
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC NEUROMODULATION CORPORATION, | Date:      January 10, 2019<br>Time:      10:00 am<br>Courtroom:  4, 17th Floor<br>Judge:      Hon. Vince Chhabria |
| Defendants. | |

# **TABLE OF CONTENTS**

I.   PROCEDURAL BACKGROUND ....................................................................................... 1

II.  LEGAL STANDARD ......................................................................................................... 2

III. ARGUMENT ....................................................................................................................... 3

    A.  Reproduction and Exemplification Costs ............................................................. 3
        1.  ESI Costs ................................................................................................... 3
        2.  Delivery of Chamber's Copies of E-filed Documents .............................. 8
    B.  Deposition Transcripts and Video Recordings ..................................................... 9

IV.  CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
  No. 11-CV-01846-LHK, 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) .......................... 5

*Ass'n of Mexican-Am. Educators v. State of California*,
  231 F.3d 572 (9th Cir. 2000) ........................................................................................ 3

*eBay Inc. v. Kelora Sys., LLC*,
  No. C 10-4947 CW (LB), 2013 WL 1402736 (N.D. Cal. Apr. 5, 2013) ................... 4, 5, 6

*Fifth Third Bancorp v. Dudenhoeffer*,
  134 S. Ct. 2459 (2014) ................................................................................................. 3

*Gutierrez v. Wells Fargo Bank, N.A.*,
  No. C 07-05923 WHA, 2010 WL 5025663 (N.D. Cal. Dec. 3, 2010) ............................ 8

*In re Ricoh Co., Ltd. Patent Litig.*,
  661 F.3d 1361, 1370 (Fed. Cir. 2011) .......................................................................... 9

*In re Ricoh Co., Ltd. Patent Litig.*,
  No. C 03-02289 JW, 2010 WL 8961328 (N.D. Cal. Sept. 29, 2010) ............................ 9

*Lopez v. San Francisco Unified Sch. Dist.*,
  385 F. Supp. 2d 981 (N.D. Cal. 2005) ......................................................................... 3

*Meier v. U.S.*,
  No. C 05–04404 WHA, 2009 WL 982129 (N.D. Cal. Apr. 13, 2009) ........................... 5

*MEMC Elec. Materials v. Mitsubishi Materials*,
  No. C-01-4925 SBA (JCS), 2004 WL 5361246 (N.D. Cal. Oct. 22, 2004) ................... 9

*Plantronics, Inc. v. Aliph, Inc.*,
  No. C 09-01714 WHA LB, 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012) ................. 5, 10

*Quan v. Computer Scis. Corp.*,
  623 F.3d 870 (9th Cir. 2010) ........................................................................................ 3

*Saberi v. BFS Retail & Commercial Operations, LLC*,
  No. C 08-4232 JL, 2011 WL 13258236 (N.D. Cal. May 23, 2011) .......................... 5, 10

*Save Our Valley v. Sound Transit*,
  335 F.3d 932 (9th Cir. 2003) ........................................................................................ 3

*Vectren Commc'ns Servs. v. City of Alameda*,
  No. C 08-3137 SI, 2014 WL 3612754 (N.D. Cal. July 22, 2014) ................................. 8

**Statutes**

28 U.S.C. § 1920 ............................................................................................................ 2

28 U.S.C. § 1920(2) ..................................................................................................... 2, 9

28 U.S.C. § 1920(4) ..................................................................................................... 3, 4

**Rules**

Civil Local Rule 54-1 ...................................................................................................... 1

Civil Local Rule 54-3 ...................................................................................................... 2

Civil Local Rule 54-3(a)(2) ............................................................................................. 2

Civil Local Rule 54-3(c) .................................................................................................... 9
Civil Local Rule 54-3(c)(1) ............................................................................................ 2, 9
Civil Local Rule 54-3(d) ................................................................................................ 2, 3
Civil Local Rule 54-3(d)(2) ........................................................................................ 3, 6, 7
Civil Local Rule 7-3 .......................................................................................................... 8
Fed. R. Civ. P. 26(b)(5)(B) ................................................................................................ 7
Fed. R. Civ. P. 54(d)(1) ............................................................................................. 1, 2, 3

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, January 10, 2019 at 10:00 a.m. or as soon thereafter as the matter may be heard by the Honorable Vince Chhabria in Courtroom 4, 17th Floor, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Boston Scientific Corporation and Boston Scientific Neuromodulation Corporation ("BSC") shall and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 54(d)(1) for review of the Clerk's November 20, 2018 Taxation of Costs, ECF No. 499.

**RELIEF REQUESTED**

BSC respectfully requests that the Court review the Clerk's taxation of costs and order that BSC recover $177,072.78.

**MEMORANDUM OF POINTS AND AUTHORITIES**

As the prevailing party in this case, BSC requested reimbursement of recoverable costs in the amount of $177,309.57. (ECF No. 490 at 2.) The Clerk awarded BSC $93,104.40 with little explanation as to why BSC's requested award was reduced. (ECF No. 499 at 2.) BSC respectfully requests that the Court review the Clerk's award and increase it to $177,072.78.

**I.   PROCEDURAL BACKGROUND**

On November 28, 2016, Nevro Corp. ("Nevro") filed suit against BSC for patent infringement, asserting 7 patents. (ECF No. 1.) BSC prevailed and on July 24, 2018, the Court awarded summary judgment in its favor, finding 12 of Nevro's 18 asserted claims invalid and that the remaining asserted claims were not infringed. (ECF No. 449.) This completely disposed of the case and final judgment was entered in BSC's favor on July 31, 2018. (ECF No. 477.)

On August 14, 2018, BSC timely filed a Bill of Costs, pursuant to Civil Local Rule 54-1 and Federal Rule of Civil Procedure 54(d)(1). (ECF No. 482.) After meeting and conferring with Nevro, BSC filed an Amended Bill of Costs on August 28, 2018 and a Second Amended Bill of Costs ("SABOC") on September 12, 2018. (ECF Nos. 485, 490.) BSC's SABOC requested that

1
BSC'S MOTION FOR REVIEW OF THE CLERK'S TAXATION OF COSTS     Case No. 3:16-cv-06830 VC

the Clerk tax costs in the amount of $177,309.57. (ECF No. 490 at 2.) Nevro filed objections to BSC's SABOC on September 26, 2018. (ECF No. 491.)

On November 20, 2018, the Clerk of the Court taxed costs in the amount of $93,104.40, disallowing costs in the amount of $84,205.17. (ECF No. 499 at 2.) These disallowed costs fell into three categories. First, the Clerk disallowed $75,649.58, which was the entirety of the costs that BSC requested to be taxed relating to reproduction and exemplification, which is taxable pursuant to Civil Local Rule 54-3(d). (*Id.* at 1.) The Clerk stated that this amount was "outside the ambit" of the Civil Local Rules and that the "[s]upporting documentation does not support amount claimed," but provided no further justification for disallowing these requested costs. (*Id.*) Second, the Clerk disallowed $8,318.80 in costs relating to deposition transcripts and video recordings, taxable pursuant to Civil Local Rule 54-3(c)(1), but provided no reason or justification for this disallowance. (*Id.*) Finally, the Clerk disallowed $236.79 in costs relating to service of process, taxable pursuant to Civil Local Rule 54-3(a)(2). (*Id.*) BSC seeks review of the Clerk's disallowance of the first two categories and—as a matter of efficiency—does not contest the third. Thus, BSC requests the Court to award those costs taxed by the Clerk in the amount of $93,104.40, plus an additional $75,649.58 for reproduction and exemplification and $8,318.80 in deposition costs, for a total of $177,072.78.

## II. LEGAL STANDARD

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The categories of taxable costs are listed in 28 U.S.C. § 1920 and include costs for, *inter alia*, "printed or electronically recorded transcripts necessarily obtained for use in the case," and "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(2), (4). This District's Civil Local Rule 54-3 provides specific guidance for taxing costs incurred for each of the categories for which BSC now requests review (document reproduction/exemplification and deposition expenses). Civ. L.R. 54-3(c)-(d).

The Ninth Circuit has held that Rule 54 "create[s] a presumption for awarding costs to prevailing parties," and "places on the losing party the burden to 'show why costs should not be awarded.'" *Quan v. Computer Scis. Corp.*, 623 F.3d 870, 888 (9th Cir. 2010) (quoting *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944 (9th Cir. 2003)) *abrogated on other grounds by Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014); *see also* Fed. R. Civ. P. 54(d)(1). Because Rule 54(d) presumes an award of costs to the prevailing party, "a district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley*, 335 F.3d at 945. Further, "[a] district court must specify reasons for its refusal to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591-2 (9th Cir. 2000) (citations omitted).

The District Court reviews the Clerk's taxation of costs *de novo*. *Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1001 (N.D. Cal. 2005).

### III. ARGUMENT

#### A. Reproduction and Exemplification Costs

##### 1. ESI Costs

Of the $75,649.58 which the clerk disallowed for reproduction and exemplification, $69,604.58 was attributable to the disclosure and production of electronically stored information ("ESI"). (ECF No. 490 at 10-11.) Because these costs are properly taxable and were supported by adequate documentation, this Court should tax Nevro with the full requested amount of $69,604.58.

28 U.S.C. § 1920(4) provides that the court may tax "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Civil Local Rule 54-3(d)(2) further provides that the "cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." These provisions have been interpreted to allow the recovery of ESI expenses which "are analogous to 'exemplification and the costs of making copies'" and which are "not for the

3

parties' convenience or attributable to 'intellectual effort' involved in document production."[1] *eBay Inc. v. Kelora Sys., LLC*, No. C 10-4947 CW (LB), 2013 WL 1402736, at *5 (N.D. Cal. Apr. 5, 2013) (quoting 28 U.S.C. § 1920(4)). Such taxable ESI expenses include, *inter alia*, "scanning paper documents, electronic scanning and conversion to PDF, TIFF conversion, OCR, image endorsement/Bates stamping, slip sheet preparation, blowback scanning paper documents, media hardware used for production, electronically stamping Bates numbers, slipsheet preparation, blowback preparation, and OCR conversion." *Id.* at *7. These are exactly the costs that BSC requests be taxed.

In support of these requested costs, BSC included with its SABOC a declaration from KPMG LLP ("KPMG") (the "KPMG Declaration"), BSC's provider for ESI discovery services. (*See* ECF No. 490-6.) As the KPMG Declaration explains, KPMG does not issue individual invoices to BSC, but rather bills BSC on a monthly basis for ESI services performed for multiple litigations. (*Id.*, ¶ 3.) Because individual line-item invoices directed solely to this matter do not exist, KPMG provided a detailed declaration itemizing the costs billed to BSC for this matter, on a month to month basis, breaking these costs down into three categories: 1) Data Processing (metadata extraction), 2) Productions (bates stamping, slip sheets, load file creation), and 3) TIFF Conversion. (*Id.*) All of these costs are analogous to "exemplification and the costs of making copies" and are properly taxable in the Northern District. Indeed, the Northern District of California's Bill of Cost template specifically lists each of "metadata extraction," "bates stamp," "slip sheets," "load file creation," and "TIFF conversion" as taxable. *See* Northern District of California Form No. CAND 133 at 3.

In its Objections to BSC's SABOC, Nevro asserts that the KPMG Declaration is "not sufficient" because it, purportedly, "lacks detail or is vague or generic." (ECF No. 491 at 3.) As a result, Nevro argues that BSC must provide "supporting invoices or other supporting documentation." (*Id.* at 4.) Not so. As is more fully explained below, the KPMG Declaration

---

[1] Nevro did not object to any costs as unrecoverable "intellectual effort" or that any of the costs fail to qualify as "exemplification and the costs of making copies." (*See* ECF No. 491.)

provides more than sufficient documentation to detail and itemize the recoverable costs for which KPMG billed BSC and Nevro cannot specify why the KPMG declaration is insufficient.

With respect to whether evidence underlying a request for costs is sufficient, courts have determined that "the inquiry is case-specific" and "'there is no explicit requirement that counsel attach invoices.'" *eBay*, 2013 WL 1402736, at *4 (quoting *Meier v. U.S.*, No. C 05–04404 WHA, 2009 WL 982129, at *2 (N.D. Cal. Apr. 13, 2009)); *see also id.* at *10-11 (awarding Cabela's $13,453 for ESI discovery costs where the expenses were supported by "[d]eclarations from the law firm's in-house litigation technology specialists"); *Saberi v. BFS Retail & Commercial Operations, LLC*, No. C 08-4232 JL, 2011 WL 13258236, at *7 (N.D. Cal. May 23, 2011) (taxing costs for exemplification and copies where the supporting documentation was declarations from counsel). All that is required is that the "parties seeking costs [] provide 'enough detail to establish that each expense is taxable under section 1920.'" *Id.* at *4 (quoting *Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA LB, 2012 WL 6761576, at *3 (N.D. Cal. Oct. 23, 2012)). The KPMG declaration provides such detail.

### a. Data Processing (Metadata Extraction)

With regards to the requested costs for "Data Processing," the KPMG Declaration explains that these costs are for services associated with "processing native files received from BSC by removing duplicate items, capturing the associated metadata, and generating a reviewable output." (ECF No. 490-6, ¶ 5.) The KPMG Declaration then provides a chart which details the number of gigabytes that KPMG processed each month and the price of processing per gigabyte between March 2017 and May 2018. (*Id.*) Throughout this case, KPMG processed a total of 159 gigabytes of native file data, for a total of $51,875.00. (*Id.*) Because only 65.84 gigabytes of this data, or 41.4%, was processed for production and produced to Nevro, BSC reduced the amount it requested to be taxed to $21,476.25, or 41.4% of the total amount billed to BSC. (*Id.*) *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2014 WL 4745933, at *11-12 (N.D. Cal. Sept. 19, 2014) (proportionally reducing the taxable amount because only 16.12% of the party's e-discovery costs were directed to documents that were actually produced).

In its Objections to BSC's SABOC, Nevro states that without "appropriate invoices or other supporting documentation available, Nevro has no way of evaluating whether the 41.4% 'actually produced' estimation is reasonably accurate." (ECF No. 491 at 7.) This argument should be rejected because the KPMG declaration provides the same information as would an invoice, and, as previously stated, sworn declarations can be sufficient and invoices are not required. *eBay*, 2013 WL 1402736, at *4, *10-11.

### b.  Productions (Bates Stamping, Slip Sheets, Load File Creation)

With regards to the requested costs for "Productions," the KPMG Declaration explains that these costs are for "bates stamping TIFF images, creating slip-sheets for files to be produced in native format, and creating load files." (ECF No. 490-6, ¶ 6.) The KPMG Declaration further explains that these costs necessarily relate only to documents that were actually produced to Nevro because these steps are not performed for documents which are not produced. (*Id.*) Just as with the costs related to "Data Processing," the KPMG Declaration again provides a chart detailing the number of gigabytes that KPMG processed each month and the price of processing per gigabyte between March 2017 and May 2018. (*Id.*) Throughout this case, KPMG processed a total of 252 gigabytes of data for production, for a total of $25,190.00. (*Id.*) The KPMG Declaration also explains that the volume of data processed here is greater than the total volume of native file data that KMPG processed in the "Data Processing" step because the creation of TIFF images typically results in larger file sizes. (*Id.*)

In its Objections to BSC's SABOC, Nevro takes issue with KPMG's billing policy, which rounds the number of gigabytes processed each month up to the nearest gigabyte. (*See* ECF No. 491 at 7; *see also* ECF No. 490-6, ¶ 8.) This policy increased BSC's total bill for this case by 9 gigabytes, increasing the taxed amount by approximately $900. (*Id.*) Nevro states that there "is no reasonable basis for taxing the cost of this unproduced 9 GB to Nevro," but provides no support for this assertion. (ECF No. 491 at 7.) This modest $900 addition is a consequence of KPMG's billing structure and is no different than if KPMG had been charging a slightly higher rate per gigabyte processed. It is what BSC actually paid and is an entirely reasonable "cost of reproducing disclosure" of discovery documents that should be taxed. Civ. L.R. 54-3(d)(2).

### c. TIFF Conversion

With regards to the requested costs for "TIFF Conversions," the KPMG Declaration explains that these costs are for "converting the native files that have been identified for production into a static format" and is "analogous to the step of physically printing copies of paper documents." (ECF No. 490-6, ¶ 7.) The KMPG declaration then provides another chart detailing the number of pages which were TIFF-converted per month and the price per page, for a total of 1,094,050 pages. (*Id.*) Because only 764,611, or 70%, of these pages were actually produced to Nevro, BSC reduced the amount requested from $32,821.50 to $22,938.33 (764,611 x $0.03/page). (*Id.*)

The KPMG Declaration then provides an additional chart listing every document production that BSC made to Nevro, including all 64 document production volumes from BSC, as well as third party production volumes that KPMG processed for production to Nevro. (*Id.*, ¶ 8.) This chart details the number of pages included in each production, the file size of each production, and the data size that KPMG billed to BSC. (*Id.*)

In its Objections to BSC's SABOC, Nevro takes issue with BSC's inclusion of $777.51 that accounts for the 25,917 pages in third party productions that KPMG processed for production to Nevro. (ECF No. 491 at 8.) "Nevro objects to taxing the costs of productions produced by parties other than BSC," but provides no authority addressing the issue of costs for third party productions that were incurred by the prevailing party. (*Id.*) BSC contends that these costs are properly taxable, as Civil Local Rule 54-3(d)(2) allows the taxation of the "cost of reproducing disclosure or formal discovery documents when used for *any* purpose in the case." Civ. L.R. 54-3(d)(2) (emphasis added). Similarly, Nevro takes issue with BSC's inclusion of $28.89 that accounts for the 963 pages of documents that were "clawed back" or "de-clawed back" throughout the course of the litigation, again without citing authority on point. (ECF No. 491 at 8-9.) Such events are common in the natural course of document production and Federal Rule of Civil Procedure 26(b)(5)(B) specifically permits privilege clawbacks. Accordingly, this cost is properly taxable for the same reasons.

7

Because all of the requested costs for ESI document production are properly taxable and sufficiently supported by the KPMG Declaration, BSC requests that the Court tax the full amount of $69,604.58.

### 2.     Delivery of Chamber's Copies of E-filed Documents

Of the $75,649.58 which the Clerk disallowed for reproduction and exemplification, the remaining $6,045.00 was attributable to the delivery of chambers copies of e-filed documents. (*See* ECF No. 490 at 7-10.)

Rather than taxing these costs, the Clerk of the Court disallowed them in their entirety, stating only that this amount was "outside the ambit of Civil Local Rule 54-3" and that "[s]upporting documentation does not support amount claimed." (ECF No. 499 at 1.)  To the contrary, however, these costs are properly taxable in the Northern District.  *See, e.g.*, *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923 WHA, 2010 WL 5025663, at *1 (N.D. Cal. Dec. 3, 2010), amended, No. C 07-05923 WHA, 2011 WL 115481 (N.D. Cal. Jan. 13, 2011) ("The service of motion papers and the delivery of courtesy copies of filings are usual costs of litigation. These fees are allowable under 28 U.S.C.1920(1), and the claimed amount is not excessive."); *Vectren Commc'ns Servs. v. City of Alameda*, No. C 08-3137 SI, 2014 WL 3612754, at *5 (N.D. Cal. July 22, 2014) (holding that "Alameda is entitled to recover for copying charges for Court-required courtesy copies").  BSC's courtesy copy costs are fully supported by invoices attached to BSC's SABOC at Exhibits D1-D55 and should therefore be taxed.  (*See* ECF No. 490-4.)

Furthermore, Nevro does not contest that the costs incurred for the "printing and shipment" of courtesy copies for the Court is properly taxable.  (*See* ECF No. 491 at 11.)  Nevro only objects to BSC's use of courier services to facilitate the shipment to the San Francisco Court House, stating that "compliance with Local Rule 7-3 regarding chambers copies does not require such rush messaging services."  (*Id.*)  This argument should be rejected, however, because this Court's Standing Order during the pendency of this case explicitly required that "[c]ourtesy copies of all motions, oppositions, and replies (and supporting papers) must be delivered to the Clerk's Office no later than noon on the court day following the day that the document was electronically filed."  (*See* Ex. A to the Declaration of Carson D. Anderson, filed herewith (May

26, 2017 Standing Order for Civil Cases Before Judge Vince Chhabria, rev. d, 5-26-17, ¶ 19).) Compliance with this Court's Standing Order necessitated BSC's use of courier services to ensure delivery by noon on the day following filing. Accordingly, these costs were necessarily incurred and are properly taxable in the Northern District. The full requested amount of $6,045.00 should be taxed.

These taxable costs of $6,045.00, together with taxable ESI costs of $69,604.58, amount to $75,649.58 in costs for reproduction and exemplification that should be taxed.

### B. Deposition Transcripts and Video Recordings

BSC requested that the Clerk tax $86,310.90 in costs relating to deposition transcripts and video recordings incurred in this case, which are taxable pursuant to Civil Local Rule 54-3(c)(1). (ECF No. 490 at 1.) Of this amount, the Clerk taxed $77,992.10, disallowing $8,318.80, but cited no reason for this disallowance. (*See* ECF No. 499 at 1.)

28 U.S.C. § 1920(2) and Civil Local Rule 54-3(c) make clear that costs for deposition transcripts and video recordings of depositions are recoverable. Civil Local Rule 54-3(c)(1) expansively allows recovery of "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case." Civ. L.R. 54-3(c)(1). BSC requested taxation of costs for precisely this—the cost of an original deposition transcript, plus the cost of one copy or a video recording for each deposition, including the costs of taking the deposition and videographer's attendance at the deposition—all of which are taxable. *See, e.g.*, *MEMC Elec. Materials v. Mitsubishi Materials*, No. C-01-4925 SBA (JCS), 2004 WL 5361246, at *3 (N.D. Cal. Oct. 22, 2004) ("a sensible reading of the rule covers the cost of videotaping *and* the cost incurred by the court reporter associated with obtaining a stenographic transcription of a deposition, as well as the cost of one copy of the videotape and of the written transcript.") (emphasis in original), *adopted as modified on other grounds*, 2004 WL 5363614 (N.D. Cal. Nov. 22, 2004); *In re Ricoh Co., Ltd. Patent Litig.*, No. C 03-02289 JW, 2010 WL 8961328, at *5 (N.D. Cal. Sept. 29, 2010) ("The cost of videotaping includes video technician fees and their attendant travel expenses."), *aff'd in relevant part, In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1370 (Fed. Cir. 2011) ("[T]he district court did not exceed its authority under section 1920 in taxing

both the written transcription and the video of the depositions."); *Plantronics*, 2012 WL 6761576, at *8 (allowing recovery of a surcharge for a deposition that proceeded into the evening).

Notably, ***Nevro did not object*** to the $8,318.80 that was disallowed by the Clerk, instead objecting only to a $236.25 weekend surcharge that was included on one of the invoices that BSC submitted. (ECF No. 491 at 10; *see also* ECF No. 490-3, Ex. C12.) The fact that Nevro did not object to $86074.65 of BSC's requested deposition costs should, by itself, require that they be taxed. *See Saberi*, 2011 WL 13258236, at *5 ("Therefore, as a threshold matter, [defendants] should recover at minimum the undisputed amounts of costs sought").

Because the Clerk cited no reason for its disallowance, it is unclear what deficiency or error BSC's request allegedly contains. Nonetheless, BSC maintains that all of its requested $86,310.90 for cost relating to deposition transcripts and video recordings, including the $236.25 surcharge for a weekend deposition, are properly taxable.

## IV.  CONCLUSION

For the foregoing reasons, BSC respectfully requests that this Court review the Clerk's award and increase the taxation of costs to $177,072.78.

Dated: November 30, 2018

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/  Thomas T. Carmack*
Thomas T. Carmack

Attorney for Defendants
BOSTON SCIENTIFIC CORPORATION and
BOSTON SCIENTIFIC NEUROMODULATION
CORPORATION