# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## STANDING ORDER FOR CIVIL CASES BEFORE JUDGE VINCE CHHABRIA

### CONFORMITY WITH RULES

1. The parties shall follow the Federal Rules of Civil Procedure, the Civil Local Rules, and the General Orders of the Northern District of California, except as superseded by this Court's standing order.

### EMERGENCY APPLICATIONS

2. Counsel should call and email Judge Chhabria's Courtroom Deputy, Kristen Melen, to notify her if they submit an application for a temporary restraining order, a stipulation that requires a response from the Court within 24 hours, or any other emergency request.

3. When a party files an application for a temporary restraining order or other emergency relief, the opposing party should not file a response unless instructed to do so by the Court. The Court will not grant such an application without requesting a response from the opposing party.

4. If the party seeking emergency relief does not show that it made every reasonable effort to notify the opposing party and the opposing party's counsel, at the earliest possible time, of its intent to seek emergency relief, the relief will not be granted.

### SCHEDULING

5. In-person civil case management conferences are conducted Tuesdays at 1:30 p.m. Telephonic case management conferences are conducted from chambers at 2:30 p.m. Civil law and motion calendar takes place on Thursdays at 10:00 a.m. Pretrial conferences are held on Mondays at 1:30 p.m. Special settings (such as evidentiary hearings and the like) will typically occur on Wednesdays at 10:00 a.m.

6. Counsel need not reserve hearing dates but should check Judge Chhabria's calendar on the Court's website to make sure the desired date is not blocked.  The parties may not specially set any matter without leave of the Court.

7. Counsel for the moving party should confer with opposing counsel about a mutually convenient hearing date before noticing any motion.

8. No changes to the Court's schedule can be made except by order of the Court.  Any motion to continue a hearing or case management conference must be made no later than 72 hours prior to the scheduled appearance.

9. Any request for an extension of a filing deadline (other than an extension that the rules allow the parties to arrange between themselves without a court order) must be filed no later than 72 hours prior to the deadline.

10. Once a trial date has been set, the parties should treat it as firm.  Absent extraordinary circumstances, the Court will not continue a trial date.

## CASE MANAGEMENT CONFERENCES

11. The attorney appearing at a case management conference need not be lead counsel but must have full authority to make decisions about any issue that may come up during the conference.

12. If a dispositive motion to dismiss is filed, the parties can stipulate to move the initial case management conference to 12 days after the hearing on that motion.  If the motion to dismiss is not dispositive, the initial case management conference will not be moved.  In their case management statement for the initial case management conference, the parties must propose a full litigation schedule, including a proposed last day to amend pleadings, regardless of whether they have received a ruling on any motion to dismiss.

13. If the parties wish to continue a case management conference, they must file a stipulation or motion – separate from their joint case management statement – at least 72 hours prior to the conference.

## TELEPHONIC APPEARANCES

14. Attorneys located outside the Northern District of California may arrange to participate in case management conferences by phone. Attorneys located in the Northern District may only appear by phone with leave of the Court, which will not be granted absent a showing of good cause. However, in the event one attorney appears by phone, all attorneys must appear by phone, and the conference will be conducted from chambers. The Court begins conducting telephonic case management conferences at 2:30 p.m. on Tuesdays, and the parties must wait on the line until their case is called. Arrangements to participate by phone must be made at least seven days in advance with Judge Chhabria's Courtroom Deputy, Kristen Melen.

15. Any attorney who wishes to argue at a motion hearing may not appear telephonically. Counsel appearing telephonically may listen to the hearing, but may discuss only scheduling matters.

16. Counsel appearing telephonically must use a direct-dial landline.

## DISCOVERY

17. Discovery disputes should be brought to the Court's attention as early as possible. If the parties cannot resolve their discovery dispute after a good faith effort, they shall prepare and file a joint letter of no longer than five pages stating the nature and status of their dispute. Both sides must submit proposed orders as well. No exhibits may be submitted with the letter other than any discovery request or response that is the subject of the letter. The letter must be filed as soon as possible, but under no circumstances may it be filed more than seven days after

the applicable discovery cutoff.  *See* Civil Local Rule 37-3.  The side seeking relief from the Court should prepare its portion of the letter first, and then provide that to the opposing side so that the opposing side may prepare its response.  The party seeking relief from the Court should file the letter.  The Court will either resolve the dispute on the papers, require the parties to appear, or refer the case to a magistrate judge for discovery purposes.  This process does not apply to discovery disputes with third parties.

18.     Parties requesting a protective order are encouraged to base any proposed order on the model protective orders on the Court's website (https://www.cand.uscourts.gov/model-protective-orders).  When filing a proposed protective order, parties are required to indicate whether they have based their proposed order on one of the Court's model protective orders and, if so, identifying any deviations from the model order.

## COURTESY COPIES OF FILINGS

19.     Courtesy copies of all motions, oppositions, and replies (and supporting papers) must be delivered to the Clerk's Office no later than noon on the court day following the day that the document was electronically filed.  The papers should be three-hole punched.  Note: This rule differs from Civil Local Rule 5-1(e)(7)(A).

## PROPOSED ORDERS

20.     Proposed orders are not necessary for most substantive motions, such as motions for summary judgment, motions to dismiss, or preliminary injunction motions.  The parties need only submit proposed orders in connection with administrative motions, ex parte applications, discovery disputes, and any substantive rulings that call upon the court to make factual findings (such as a motion to approve a class settlement or a motion for attorneys' fees).

**MOTIONS TO SEAL**

21.     The Court almost always denies motions to seal because they are almost always without merit.  Parties that submit frivolous motions to seal may be subject to sanctions.  In submitting a motion to seal, the filing party must indicate whether the compelling reasons or good cause standard applies.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016).  The filing party must make a specific showing for each document that it seeks to seal rather than a blanket statement about the grounds for sealing.

**BRIEFS**

22.     Unless expressly permitted by the Court, briefs in support of and in opposition to all substantive motions (except for summary judgment motions, class certification motions, and motions in patent cases, as discussed below) may not exceed 15 pages, and reply briefs may not exceed 10 pages.  These page limits exclude the title page, indices of cases, table of contents, and exhibits, but not summaries of argument.

23.     When citing exhibits (including deposition testimony), briefs should identify the declaration to which the exhibit is attached, the letter or number of the exhibit, and the relevant page number.  (For example: "Smith decl., Ex. 1, at 22.")  An additional citation to the ECF docket number is optional.

24.     Motions to increase page limits will almost never be granted, but any such motion must be filed no later than 72 hours before the brief is due.

25.     Simultaneous briefing is not permitted for any type of motion.

**SUMMARY JUDGMENT**

26.     The parties need not file joint or separate statements of undisputed fact in connection with summary judgment motions.

27.     At the summary judgment hearing and/or in the briefs, the parties should not hesitate to alert the Court of the need for a prompt ruling in light of their trial preparation schedule.

28.     Unless expressly permitted by the Court, briefs in support of and in opposition to summary judgment motions cannot exceed 25 pages, and reply briefs cannot exceed 15 pages. Motions to increase page limits will almost never be granted, but any such motion must be filed no later than 72 hours before the brief is due.

29.     In the event of cross-motions for summary judgment, the parties must file a total of four briefs sequentially, rather than three pairs of simultaneous briefs.  Unless the parties agree to reverse the order (which they are free to do on their own), the opening brief is filed by the plaintiff side, the opening/opposition brief is filed by the defense side, the opposition/reply is filed by the plaintiff side, and the reply is filed by the defense side.  The first two briefs are limited to 25 pages, the third brief is limited to 20 pages, and the fourth brief is limited to 15 pages.  The parties may submit a stipulation and proposed order setting a briefing schedule for the cross-motions, which will likely be signed so long as the fourth brief is due no later than 14 days before the hearing date.

## CLASS ACTIONS

30.     At the initial case management conference, the parties should be prepared to discuss whether it would be preferable to litigate cross-motions for summary judgment on liability with respect to the named plaintiffs before litigating the issue of class certification.  The Court is of the view that this approach will often save a great deal of time and money and is therefore often in the defendant's interest, but it requires the consent of the defendant, since a grant of summary judgment in the named plaintiff's favor could end up giving unnamed class

members a chance to opt in to a lawsuit where a legal issue has already been decided against the defendant.

31.     Briefs in support of or opposition to class certification motions cannot exceed 25 pages, and reply briefs cannot exceed 15 pages.

32.     In connection with motions for preliminary approval of class settlements, the parties should keep the following things in mind:

(i) The Court's scrutiny of the proposed settlement will be as rigorous at the preliminary approval stage as at the final approval stage. *See Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036-37 (N.D. Cal. 2016). Any motion for preliminary approval should explain why the settlement survives this level of scrutiny, and any proposed order should recite this standard.

(ii) If a proposed notice to class members (or prospective class members) requires a written objection as a prerequisite to appearing in court to object to the settlement, it must specify that this requirement may be excused upon a showing of good cause.

(iii) The proposed notice should contain a description of the class members' or prospective class members' release of claims.

(iv) If the proposed notice is not carefully written and in plain English, the Court will not approve it.

(v) In a proposed settlement involving the distribution of money to a class, the parties should consider whether unclaimed funds should be redistributed to class members who claimed their share. If a provision of this type is absent, the parties should be prepared to explain why.

(vi) The parties should consider whether theirs is the type of settlement that requires class

members to file claims, as opposed to simply receiving checks. The motion for preliminary approval should address that issue.

(vii) In proposing a schedule for final approval of a class settlement, the parties must ensure that the motion for attorneys' fees is filed at least 14 days before the deadline for objecting to the settlement. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010).

(viii) The parties should consult the Northern District's Procedural Guidance for Class Action Settlements. *See* http://www.cand.uscourts.gov/ClassActionSettlementGuidance.

33. In the event of a pre-certification settlement of a proposed class action involving the individual named plaintiffs only, the named plaintiffs may not simply dismiss the lawsuit without court approval. Rather, the parties must submit a request for dismissal explaining how a dismissal would not prejudice the unnamed class members whose claims are not being resolved by the settlement. In particular, the parties must consider whether the unnamed class members need to be notified of the dismissal. *See, e.g.*, *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Trombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 WL 5140048 (N.D. Cal. Oct. 10, 2014); *Lyons v. Bank of Am., N.A.*, No. 11-cv-01232-CW, 2012 WL 5940846 (N.D. Cal. Nov. 27, 2012); *see also Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989).

## PATENT CASES

34. Parties must follow the Patent Local Rules of the Northern District of California, except when those rules conflict with this standing order.

35. Absent a compelling reason, the Court will only conduct claim construction in conjunction with a dispositive motion. Parties should still follow Rules 4-1 through 4-4 of the

Patent Local Rules.  Rules 4-5 and 4-6, on the other hand, will give way to the details provided in the paragraphs below.

36.     The opening summary judgment (and claim construction) brief, as well as the opposition brief, cannot exceed 40 pages.  The reply brief cannot exceed 20 pages.

37.     In the event of cross-motions for summary judgment, the parties must file a total of four briefs sequentially, rather than three pairs of simultaneous briefs.  Unless the parties agree to reverse the order, the opening brief is filed by the party asserting infringement, the opening/opposition brief is filed by the party defending against the infringement claim, the opposition/reply is filed by the party asserting infringement, and the reply is filed by the party defending against the infringement claim.  The first brief is limited to 40 pages, the second brief is limited to 50 pages, the third brief is limited to 30 pages, and the fourth brief is limited to 20 pages.

38.     If the parties believe it would be helpful for the Court, they should schedule a claim construction tutorial to occur one week prior to the claim construction/summary judgment hearing.  The parties should contact Judge Chhabria's Courtroom Deputy, Kristen Melen, to schedule the tutorial.

## SOCIAL SECURITY CASES

39.     Judge Chhabria's default rule is to have hearings in Social Security cases.  The Court will schedule a hearing for its civil law and motion calendar approximately 60 days after an opposition brief is filed.  Counsel are free to meet and confer on a mutually acceptable hearing date, and contact Kristen Melen, Judge Chhabria's Courtroom Deputy, to schedule a hearing on that date.  If, after reviewing the papers and the record, the Court decides a hearing is not necessary, it will typically notify the parties within 2-3 days of the hearing.

## HABEAS CASES

40. Judge Chhabria's default rule is to have hearings in habeas cases where the petitioner is represented by counsel. The Court will schedule a hearing for its civil law and motion calendar approximately 60 days after an answer is filed. Counsel are free to meet and confer on a mutually acceptable hearing date, and contact Kristen Melen, Judge Chhabria's Courtroom Deputy, to schedule a hearing on that date. If, after reviewing the papers and the record, the Court decides a hearing is not necessary, it will typically notify the parties within 2-3 days of the hearing.

## HEARINGS AND TENTATIVE RULINGS

41. The Court will not ordinarily issue tentative rulings, but it typically announces its tentative thinking at the outset of the hearing.

42. If a motion will be argued by an attorney who has five years or less of experience, counsel may notify the Courtroom Deputy of that fact within seven days of the hearing. The Court will take this into account in deciding whether to vacate the hearing and submit the motion on the papers, putting a thumb on the scale in favor of a hearing if arguing counsel has five years or less of experience.

**IT IS SO ORDERED.**

Dated: May 26, 2017

Vince Chhabria
United States District Judge