1    [COUNSEL LISTED ON SIGNATURE PAGE]

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10                           SAN FRANCISCO DIVISION

11

12   NEVRO CORP.,                          Case No.    3:16-cv-06830-VC

13                    Plaintiff,           **JOINT CASE MANAGEMENT
                                           STATEMENT AND REPORT RE
14          v.                             ADR**

15   BOSTON SCIENTIFIC CORPORATION and     Date:    Sept. 2, 2020
     BOSTON SCIENTIFIC NEUROMODULATION     Time:    10:00 AM
16   CORPORATION,                          Place:   Videoconference

17                    Defendants.

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Rule 26(f), the Court's August 7, 2020, Notice Scheduling Further Case Management Conference (ECF No. 514), and the Court's July 30, 2020, General Order for Pending Civil Cases Before Judge Vince Chhabria (ECF No. 513), Plaintiff Nevro Corp. ("Nevro") and Defendants Boston Scientific Corporation and Boston Scientific Neuromodulation Corporation (collectively, "BSC") submit this Joint Case Management Statement and Report re ADR in advance of the Case Management Conference on September 2, 2020, at 10:00 AM.

## I.   PROGRESS SINCE THE LAST STATEMENT WAS FILED AND CURRENT STATUS OF NEVRO'S CAUSES OF ACTION

The parties last submitted a Joint Case Management Statement on July 27, 2018.  (ECF No. 453.)  As of that date, the Court had issued a July 24, 2018 Order Re Claim Construction and Cross-Motions for Summary Judgment.  (ECF No. 449.)  In that Order, the Court held that the asserted claims of Nevro's U.S. Patent Nos. 9,327,125; 9,333,357; 8,712,533; and 9,480,842 were invalid as indefinite.  The Court further held that the asserted claims of Nevro's U.S. Patent Nos. 8,359,102; 8,768,472; and 8,792,988 were not invalid but not infringed by BSC.  In their last Joint Case Management Statement, the parties agreed that the Court's Order did not resolve Nevro's declaratory judgment claims.  The parties agreed to dismiss Nevro's declaratory judgement claims on ripeness grounds, without prejudice, based on BSC's representation that no United States launch of a high-rate product was imminent and that BSC had not decided whether to launch such a product; had not established a timeline for when such a decision might be made, if ever; and had not determined what frequencies would be enabled if it were to decide to launch such a product in the future.  (ECF No. 453.)  The Court entered the parties' stipulated Final Judgment on July 31, 2018.  (ECF No. 477.)

Nevro appealed the judgment of invalidity and Boston Scientific cross-appealed the Court's determination that the claims held not invalid were not indefinite.  (*See* ECF Nos. 478, 484.)  On April 9, 2020, the United States Court of Appeals for the Federal Circuit ("Federal Circuit") issued its Opinion and Judgment on these appeals.  (ECF Nos. 509, 510).  In its Opinion, the Federal Circuit vacated the Court's judgement of invalidity and remanded.  (ECF No. 509.)  The Federal Circuit also held that the claims challenged in BSC's cross-appeal are not

1  indefinite.  (*Id.*)  The Federal Circuit construed the claim terms "paresthesia-free," "configured

2  to," "means for generating," and "therapy signal."  (*Id.*)  On May 18, 2020, the Federal Circuit

3  issued its Mandate on the appeal.  (ECF No. 512.)

4       A chart showing the parties' positions on Nevro's pending causes of action in light of the

5  Federal Circuit ruling is attached as Exhibit A.

6      **II.**    **SETTLEMENT AND ADR REPORT**

7       The parties have engaged in settlement discussions over the course of the last several

8  weeks.  These talks are continuing.  As of the filing of this statement, the parties have not been

9  able to agree on such a resolution.  While both parties believe this case is a candidate for

10  settlement, the parties agree that they do not currently need assistance from a magistrate judge or

11  the Court's ADR program.

12      **A.**    **Nevro's Position**

13       Failing settlement, and in light of the Court's guidance on jury trials during the COVID-

14  19 pandemic, Nevro is open to dismissal of its claims without prejudice, each party to bear its

15  own fees and costs, based on Boston Scientific's confirmation that it has no current plans to

16  commercially launch a high-rate product in the United States (as it represented in July 2018).

17  (*See* ECF No. 453.)  This is the same approach the parties took in July 2018 as to Nevro's

18  declaratory judgment claims following the Court's summary judgment order.  (*Id.*)  Nevro is open

19  to such a resolution because it believes it has achieved its principal litigation goal: Boston

20  Scientific abandoned its plan to launch an infringing high-rate SCS product in the United States.

21  More specifically, after reporting plans to launch a high-rate SCS product in the United States in

22  2016, Boston Scientific later abandoned those plans as a result of Nevro filing this lawsuit.  Thus,

23  having achieved its principal litigation goal, Nevro believes dismissing its claims without

24  prejudice at this time is the responsible path forward given the COVID-19 pandemic

25  environment.

26      **B.**    **BSC's Position**

27       BSC opposes Nevro's offer of dismissal without prejudice for the reasons set forth in

28  Section III.B.

1   **III.    REMAINING ISSUES AND CASE SCHEDULING**

2       **A.    Nevro's Position**

3       The parties moved for summary judgment on several issues that were originally mooted

4   by the Court's ruling on indefiniteness, but which have been revived by the Federal Circuit's

5   ruling.  For example, Nevro sought summary judgment that the Fang reference is not § 102(e)

6   prior art (ECF No. 341-37 at 33-38); that the asserted claims are not invalid in view of the

7   Precision SCS system (*id.* at 30-33); that all asserted claims are directed to patentable subject

8   matter under § 101 (previously reached by the Court only as to method claims) (*id.* at 26-30), that

9   there was no inequitable conduct based on Yearwood reference (*id.* at 38-40), and that the

10  Precision Multiwave system infringes under § 271(f)(1) (ECF No. 438-1 at 17.)  Nevro also

11  moved the Court to strike BSC's untimely and undisclosed invalidity theories based on the

12  Precision SCS system.  (ECF No. 337-4.)  These motions are ripe for decision and could

13  significantly simplify the case going forward.

14      Barring dismissal without prejudice as discussed above, Nevro suggests that the parties

15  file simultaneous motions to revive or otherwise dispose of the pending summary judgment

16  motions and motions to strike.  These motions would not present additional merits briefing, but

17  would set forth the parties' positions what issues are ready for adjudication and what issues have

18  been resolved, and would explain the implications from the Federal Circuit's ruling on the

19  parties' undecided motions.  Nevro proposes 10-page opening briefs to be filed within two weeks

20  of the September 2, 2020 CMC, 10-page responsive briefs to be filed two weeks after opening

21  briefs, and no reply briefs.

22      After the Court rules on the summary judgment issues that it determines are appropriate to

23  take up, Nevro proposes that a further CMC be set to schedule the remaining deadlines for the

24  case.  Depending on the disposition of the summary judgment motions, limited supplemental fact

25  discovery or expert discovery may be warranted before trial.

26

27

28

**Response to BSC's position**:  Nevro hoped to avoid an argumentative CMC statement, but the misstatements and overstatements in BSC's submission require a response:

- BSC's characterization of Nevro's claims as "baseless" is without merit and contradicted by BSC's own actions.  And BSC's suggestion that this litigation has "affirm[ed] the state of affairs at its inception" is a misrepresentation.  BSC spent "months and months and months" developing a 10,000 Hz product intended to copy Nevro's revolutionary high-rate therapy, and sought FDA approval for that product for use in the United States.  (ECF No. 468 at 2, 16; *see also* ECF No. 461 at 4 (discussing BSC's copying).)  Once Nevro filed this litigation, BSC met with its attorneys and decided to modify the product's software code to lock out 10,000 Hz programming.  (*See* ECF No. 468 at 16.)  Information filed under seal in this case likewise reflects how this litigation impacted BSC's competitive strategies.  (*See* ECF No. 89-4 at 1.)  Far from being baseless, this litigation forced one of the juggernauts of the medical device industry to postpone its plans to copy Nevro's therapy.

- The Federal Circuit's Opinion did not "dispose of" Nevro's claims as BSC asserts.  The Federal Circuit made no findings regarding infringement.  (*See* ECF No. 509.)  Nevro's position that it does not intend to pursue infringement claims against BSC's United States sales is based on the combination of (1) the Federal Circuit's claim constructions and (2) BSC's prior representation that it had no current plans to launch a high-rate product, along with discovery provided as of 2018 concerning the design of BSC's products at that time.  (ECF No. 453.)  If BSC is unable to credibly repeat this representation as of now (for example, BSC continued the ACCELERATE high-rate clinical trial even while this case was on appeal (*id.* at 1)), Nevro will need discovery into BSC's high-rate activities since 2018 before making a decision on its claims for United States infringement.

- BSC is under the incorrect impression that it should be able to "cut in line" and have the Court consider only the summary judgment issue of its choosing while

avoiding, for example, the Court finding that the Fang reference is not § 102(e) art or that Nevro's system claims are patentable under § 101. Nevro has no objection to the Court taking up already-briefed motions for summary judgment and motions to strike, but it has proposed a process for each side setting forth their positions on what should be adjudicated. Nothing about BSC's § 271(f)(1) argument is so compelling that BSC should be allowed to jump ahead with its selected summary judgment issues.

- BSC's request for immediate dismissal with prejudice of United States infringement claims does not make sense. BSC fails to justify why the Court should not only make a piecemeal entry of judgment, but make a piecemeal entry of judgment *within particular legal theories for single counts of action*. Moreover, BSC is asking for this relief without providing any insight into its activities in the two years since this case was on appeal. Nevro's willingness to make a without prejudice dismissal and cease pursuing United States infringement claims is based on taking BSC at its word about the current state of its commercial high-frequency program. To accept a with-prejudice dismissal, with potential preclusive effects, Nevro would need more than BSC's word.

- Nevro is entitled to non-trivial damages for BSC's infringing sales outside the United States. Nevro believes the most efficient course of action (for the Court as well as the parties) is dismissal of those claims without prejudice, to be revived if BSC's representations about its United States launch plans are incorrect[1] or if BSC decides to launch in the future.

- BSC refers to "261" sales of the accused product in Europe. This was the sales figure as of 2017—BSC has not supplemented its sales or financial productions. Nevro has no way of knowing whether BSC has sold additional accused products since then.

---

[1] BSC has misrepresented its launch plans in the past. (*See* ECF No. 89-4 at 1.)

**B.      BSC's Position**

Nevro admits that the Federal Circuit's Opinion disposed of Nevro's claims against BSC's sales in the United States.  Those claims should be dismissed with prejudice.  Only one theory of infringement remains:  whether BSC's sales of 261 units in Europe fall within the definition set forth in 35 U.S.C. § 271(f)(1).  This threshold issue can and should be quickly resolved on summary judgment.  If the Court rules that these sales do not fall within the statute's definition, as BSC asserts, this case will be over.  If the Court rules otherwise, this case will proceed through the parties' outstanding motions, then to trial.  Nevro's suggestion that the Court should consider dismissing this case without prejudice is contrary to law and equity.  Nevro filed this case, the parties and the Court have spent years litigating Nevro's baseless claims against BSC's U.S. products, and there is no reason to allow Nevro to withdraw its claims against BSC's 261 European sales with the right to bring them again at some uncertain date.

**1.      Dispositive Issues Decided by the Federal Circuit Should Be Dismissed Immediately With Prejudice**

The heart of Nevro's case was directed to BSC's U.S. sales activities.  The products that BSC actually sold in the United States—its best-in-class Precision suite of products—do not, and have never, infringed.  The Federal Circuit's determination that the claim term "configured to" means "programmed to" forecloses the possibility of infringement of BSC's U.S. sales, which Nevro concedes.  (*See* Exhibit A (Nevro stating that it "does not assert § 271(a) [or § 271(b)] infringement under the Federal Circuit's claim construction" for every asserted patent).) Accordingly, Nevro's causes of action for infringement under 35 U.S.C. §§ 271(a) and 271(b) should be dismissed immediately with prejudice.[2]  As for Nevro's references in this Joint Statement to the allegations it made in 2016 against a hypothetical BSC high-frequency device, those allegations were not ripe because BSC never launched a high-frequency product in the U.S.,

---

[2] Although not expressly mentioned in Exhibit A, Nevro apparently recognizes that its Third, Seventh, and Ninth causes of action should also be dismissed in their entirety; they assert only method claims, and method claims may not be asserted under 35 U.S.C. § 271(f), which is Nevro's only remaining theory of infringement.  *See Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 576 F.3d 1348, 1365-66 (Fed. Cir. 2009) (*en banc*) ("Section 271(f) does not apply to method patents.").  The Court found in favor of BSC at summary judgment on this basis, and Nevro did not appeal.  *See* ECF No. 449 at 8-9.

and it never had "plans" to do so.  Nevro's assertion that, because of this lawsuit, "BSC abandoned its plan" to launch such a product is false, likely proffered to save face after losing in this Court and at the Federal Circuit.  *See, e.g.*, ECF No. 29-7 at ¶ 7.

## 2. The One Dispositive Issue Not Decided by the Federal Circuit Should Be Briefed And Decided

Nevro's only remaining claims for infringement accuse 261 devices that were sold and programmed in Europe over two years ago of infringing certain system claims under 35 U.S.C. § 271(f)(1).  This claim implicates a threshold issue ripe for summary judgment:  is Nevro's § 271(f)(1) theory viable given the undisputed facts regarding BSC's European products?  If the Court finds for BSC, the case will be over—with prejudice—and none of the manifold outstanding motions identified by Nevro would ever need to be considered.[3]

Nevro's response has been, in essence, why go through the trouble of deciding the issue now, when the claim could be dismissed without prejudice and dealt with at some unspecified later time?  The answer is clear:  if it is not worth the Court's or the parties' resources and time to litigate the status of 261 devices that were sold years ago now, as Nevro suggests, it will never be worth it.  Nothing in the federal rules or the law supports allowing Nevro to retain the right to re-litigate a claim that it brought and that is ripe now at a later time and under circumstances of Nevro's choosing.  If Nevro believes that its § 271(f)(1) claims are both non-trivial and non-frivolous, then it should want to pursue these claims now on the merits.

BSC has spent nearly four years and substantial sums litigating this suit to simply affirm the state of affairs at its inception:  BSC is free to sell the U.S. products that were the original target of Nevro's suit.  BSC has the right to have the remaining § 271(f)(1) claims decided now and, in the process, end this litigation once and for all.

---

[3] § 271(f)(1) addresses (i) supplying "components" which are "uncombined" from the United States and (ii) actively inducing "the combination of such components outside of the United States in a manner that would infringe the patent if such a combination occurred within the United States."  *See* 35 U.S.C. § 271(f)(1).  Nevro's theory of infringement is that programming stimulation parameters into these devices (when used in patients in Europe) somehow constitutes "combining . . . components" of the system.  BSC asserts that this is contrary to the plain language of the statute and is contradicted by precedent and the record.

1

## IV.   CERTIFICATION

2   Undersigned counsel certify that they have shown the Court's July 30, 2020, General

3   Order for Pending Civil Cases Before Judge Vince Chhabria and this Joint Case Management

4   Statement and Report re ADR to their respective clients.

5

6   Dated: August 26, 2020                   MORRISON & FOERSTER LLP

7

8                                            By:   */s/ Michael A. Jacobs*

9                                                  Michael A. Jacobs

10                                                 Michael A. Jacobs
                                                   Email: MJacobs@mofo.com
11                                                 Arturo J. Gonzalez
                                                   Email: AGonzalez@mofo.com
12                                                 **Morrison & Foerster LLP**
                                                   425 Market Street
13                                                 San Francisco, CA 94105-2482
                                                   T: 415.268.7455
14                                                 F: 415.268.7522

15                                                 Kenneth A. Kuwayti
                                                   Email: KKuwayti@mofo.com
16                                                 Eric C. Pai
                                                   Email: EPai@mofo.com
17                                                 **Morrison & Foerster LLP**
                                                   755 Page Mill Road
18                                                 Palo Alto, CA 94303
                                                   T: 650.813.5600
19                                                 F: 650.494.0792

20                                                 Attorneys for Plaintiff
                                                   NEVRO CORP.
21

22

23

24

25

26

27

28

Dated: August 26, 2020

ARNOLD & PORTER KAYE SCHOLER LLP

By:   */s/ Matthew Wolf*
Matthew Wolf

Matthew M. Wolf
Email: matthew.wolf@apks.com
Edward Han
Email: ed.han@apks.com
Marc A. Cohn
Email: marc.cohn@apks.com
Michael Kientzle
Email: Michael.kientzle@apks.com
William L. Louden
Email: William.Louden@apks.com
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Ave., NW
Washington, DC 20001
T: 202.942.5000
F: 202.942.5999

Thomas T. Carmack
Email: Tom.Carmack@apks.com
Michael D.K. Nguyen
Email: Michael.Nguyen@arnoldporter.com
Edmond K.A. Ahadome
Email: Edmond.ahadome@apks.com
Carson D. Anderson
Email: carson.anderson@arnoldporter.com

**Arnold & Porter Kaye Scholer LLP**
3000 Palo Alto Square, Suite 500
Palo Alto, CA 94306
T: 650.319.4500
F: 650.319.4700

Attorneys for Defendants
BOSTON SCIENTIFIC CORPORATION
and BOSTON SCIENTIFIC
NEUROMODULATION CORPORATION

1

## **ECF ATTESTATION**

2

      In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

3

document has been obtained from each of the other signatories.

4

5

Dated: August 26, 2020

    */s/ Michael A. Jacobs*

6

    Michael A. Jacobs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28